FARMER, Judge.
On the basis of a mere motion for a temporary injunction by the Town of Lake Park, and without any complaint or other pleading, the trial judge entered a temporary injunction without notice to a defendant. Then on the basis of a mere motion for the entry of a permanent injunction and a notice of hearing on the motion, and without any pretense of compliance with Florida Rule of Civil Procedure 1.440, the trial court entered a permanent injunction. We reverse.
We stress that the mischief here is the complete lack of any pleadings of any kind — no complaint or petition and no answer — framing any issues for resolution, and the lack of any notice for trial and a consequent order fixing a trial date. The provisions in the civil rules requiring pleadings and the proper setting of trials on the merits are not merely a convenience for the trial judge and parties to dispense with over the objection of an adverse party. They are mandatory unless waived, and here they were not.
On remand, we do not wish to be understood as having reviewed the propriety of the entry of the temporary injunction, a subject which the trial judge is free to consider upon proper application by a party. At oral argument, counsel for the defendant frankly advised this court that until further order by the trial court, he would advise his client that the temporary injunction continues in force. Also on remand, the trial court shall give the Town leave to file such pleading as it may be advised, to which the defendant shall also be allowed to respond by pleading. Thereafter no permanent injunction may be entered over defendant’s objection without a trial on the merits, properly noticed in compliance with the rules.
REVERSED AND REMANDED WITH DIRECTIONS.
GLICKSTEIN, C.J., and WARNER, J., concur.